## The Elverson National Bank v. O'Donnell

666

*Roger Benden*, for plaintiff.

*Gerald Mandlowitz*, for defendants.

RILEY, J., December 21, 1967.—Defendant has filed preliminary objections to plaintiff's complaint in assumpsit, by way of demurrer averring plaintiff has shown no cause of action against defendant, William J. C. O'Donnell. In the argument, it is contended that the Act of April 26, 1855, P. L. 308, sec. 1, 33 PS §3, requires a written promise by defendant, whereas it is contended that the complaint only avers an oral promise to pay the debt of another, and therefore the action is barred. After a thorough examination of the complaint, we are not convinced that plaintiff may not possibly recover under the broadest interpretation of the averments of the complaint, and therefore we will not sustain the demurrer. In view of the contention involved, we are of the opinion that the issue as raised here should properly be set forth as new matter under Rule 1030 of the Pennsylvania Rules of Civil Procedure. When all facts are pleaded in such answer and reply thereto, the issue will be more fully presented for a determination of whether plaintiff's cause is properly barred by the statute cited. Defendant's contention that the complaint avers only an act as attorney for another is not correct, nor is the argument that the orphan's court has exclusive jurisdiction.

While we do not hereby determine that in no case may a statute of frauds be raised by preliminary objections, we do hold that the averments of this complaint are such that the better procedure is to raise the issue by way of new matter. Therefore, the objection of defendant as a demurrer is overruled, with leave to defendant to file an answer to the complaint within 20 days of this date.